Filed 6/3/13  P. v. Jachens CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072490 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F02636) |
| v. | |
| JUSTIN JACHENS, | |
| Defendant and Appellant. | |

Defendant Justin Jachens was sentenced to six years in state prison following his conviction for felony driving under the influence (DUI) and causing great bodily injury to his passenger.  Defendant's ensuing appeal is subject to the principles of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106, 110.  In accordance with the latter, we will provide a summary of the offenses and the proceedings in the trial court.

1

In November 2011, defendant drove a car at 100 miles per hour and struck a brick wall, causing a skull fracture and shoulder injuries to passenger Matthew Moreshed.[1] Defendant tested positive for alcohol (0.19 percent blood-alcohol level), cocaine metabolite, and marijuana. He had a May 2011 prior conviction for DUI. (Veh. Code, § 23152, subd. (a).)

Defendant pleaded no contest to driving with a blood-alcohol level of 0.08 percent or more (Veh. Code, § 23153, subd. (b)—count two) and admitted allegations that he inflicted great bodily injury upon Moreshed (Pen. Code, § 12022.7, subd. (a)) and that the offense occurred within 10 years of the prior DUI conviction (Veh. Code, § 23540, subd. (a)). Defendant also pleaded no contest to driving while his license was suspended or revoked for DUI. (Veh. Code, § 14601.2, subd. (a)—count four.) In exchange, two related counts were dismissed with a *Harvey* waiver.[2]

Defendant was sentenced to state prison for six years. Execution of sentence was suspended and defendant was placed on probation on the conditions, among others, that he abstain from alcohol and serve one year of incarceration. He was awarded one day of custody credit, ordered to make restitution to his victims, and ordered to pay a $1,015 fine on count two, a $300 fine on count four, a $200 restitution fine (Pen. Code, § 1202.4), a $200 restitution fine suspended unless probation is revoked (Pen. Code, § 1202.44), a $4 emergency air transportation fee (Gov. Code, § 76000.10), a $50 alcohol abuse education penalty assessment (Veh. Code, § 23645), an $80 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)), a $60 court facilities assessment (Gov. Code, § 70373), a $331.98 main jail booking fee, and a $20.75 classification fee (Gov. Code, § 29550.2).

---

1 Because the matter was resolved by plea, our statement of facts is taken from the probation officer's report and the prosecutor's statement of the factual basis for the plea.

2 *People v. Harvey* (1979) 25 Cal.3d 754.

A petition was filed alleging defendant violated probation by having a measurable amount of alcohol in his blood after having consumed alcohol the previous evening. He admitted the allegation. Execution of the prison sentence was ordered. The trial court ordered defendant's restitution, fines, and fees to remain intact. Defendant appeals. His request for a certificate of probable cause was granted.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Our review of the record discloses some errors with respect to fines and fees. The probation department filed a report recommending that probation be denied and that defendant pay, among other things, a $340.01 main jail booking fee, a $40 court security (now operations) fee, a $30 court facilities fee, and a stayed *parole* revocation restitution fine (Pen. Code, § 1202.45).

The trial court ordered the probation department to "write up alternative terms and conditions" under which probation would be granted. Unlike the original report, the "alternative" lowered the main jail booking fee to $331.98 and recommended a stayed *probation* revocation restitution fine. Moreover, in recognition of defendant having been convicted of two counts, the "alternative" recommended that the court security fee be doubled to $80 and the court facilities fee be doubled to $60.

When the trial court suspended execution of sentence and granted probation, it orally pronounced the "alternative" booking fee, security fee, and facilities fee. By reference to the alternative terms, the court imposed and stayed the probation revocation restitution fine.

3

Thereafter, when the trial court ordered execution of the prison sentence, it ordered that "all of the fines and fees will remain intact." The court did not order execution of the stayed probation revocation restitution fine or impose and stay a parole revocation restitution fine.

The minute order and the abstract of judgment mistakenly reflected the original booking fee, court security fee, and court facilities fee rather than the "alternative" fees that had been orally pronounced. The minute order and abstract did *not* order execution of the stayed probation revocation fine but *did* purport to reflect a stayed parole revocation fine that had not been orally pronounced.

Defendant's appellate counsel brought the $8.03 booking fee error to the trial court's attention. The court duly corrected its minutes and issued an amended abstract of judgment. Because appellate counsel did not mention the errors with the probation and parole revocation fines, the security fee, or the facilities fee (which were not in defendant's favor), the scarce resources of this court and the trial court must now be expended to correct those errors.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is modified to order execution of the stayed $200 probation revocation restitution fine and to impose and stay a $200 parole revocation restitution fine. As so modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment to reflect the executed probation revocation fine, the stayed parole revocation fine, an $80 court security fee and a $60 court facilities fee. The court is

4

reminded to check the box for an "Amended Abstract."  A certified copy of the amended abstract shall be forwarded to the Department of Corrections and Rehabilitation.


                                                            BUTZ                     , J.



We concur:



            RAYE                    , P. J.



            HULL                    , J.